**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Case No.**

**GEORGE BABUADZE,**
**(CLASS REPRESENTATIVE)**
**BERNESED DEVAULT, BRETT COOPER,**
**ALEJANDRO VALLESILLO, ALGENYSN ACEVEDO,**
**ADRE ADAMS SR, ANTHONY BUFKIN SR,**
**BOBBIE JO MASSEY MARTINEZ, BRANDI RICHARDSON,**
**BRETRAN RENALDO THOMPSON,**
**BRIAN EURGENE FRIEND JR,**
**CAROLL TERRELL, CHARLES LEWIS,**
**COURTNEY PATRICE LANIUM,**
**DAVID JERMAINE AARON,**
**DEBORAH PELLETIER,**
**DENNIS W WEHR, FARHIYA OSMAN,**
**GABRIEL DINIRO,**
**JAMES CURRY JR, JEREMY DON TUNE,**
**JEREMY LAMB,**
**JOSE RIVERA, LINDA FRANCEIA GOODWIN,**
**MARY KOWAL, NOELLE MARIE MAGNESS,**
**PHILLIP JOSEPH MAZZIO, PIERRE LAZINE DUPREE-CAIN,**
**QUIANA DANETTE WHITE, QUINCY RICHARDSON,**
**REGINALD CRAIG HOLST, RENE ISRAEL HERNANDEZ,**
**SHAMREEKA JOY BURNETTE, SHANEKQUA COATES,**
**STEVEN DEANTE ADAMS, TRACY DIONNE RICHARDSON,**
**TRACY LYNETTE MANIER, VIVIAN CHRISTINE MOORE,**
**DINA DOUGLAS TAKOURIS, GEORGE BABUADZE,**
**JONATHANN ADAM KEEL, MOGAN RALPH FLINT,**
**NICOLA ALICE SCOTT, WAJIHA HYDER**

Plaintiffs,

**CLASS ACTION COMPLAINT**

v.

**JURY TRIAL DEMANDED**

**TRANS UNION LLC,**

Defendant.

______________________________________/

**INTRODUCTION**

This class action seeks redress for collection practices that violate the Fair Credit Reporting

Act, 15 U.S.C. § 16981*et seq*. (the "FCRA").

## CLASS ALLEGATION

Plaintiff brings this action on behalf of a Class, consisting of (a) all natural. persons within the United States.

The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 40 members of the Class.

There are questions of law and fact common to the members of the class, which. common questions predominate over any questions that affect only individual class members.

The predominant common question is whether the Defendant complied with 15. U.S.C. § 1681e(b), 15 U.S.C. § 1681i, 15 U.S.C. § 1681g(a) and 15 U.S.C. § 1681c-2(a)

Plaintiff's claims are typical of the claims of the Class members. All are based on. the same factual and legal theories.

Plaintiff will fairly and adequately represent the interests of the Class members.

Plaintiff has retained counsel experience in consumer credit and debt collection abuse. cases.

A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## COMPLAINT

Class Representative Plaintiff George Babuadze ("Plaintiff") sues Trans Union LLC ("Defendant" or "Trans Union") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Class Representative Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

3. GEORGE BABUADZE Plaintiff is a natural person, and a citizen of the State of New York, residing at 303 West 21st Street, Apartment 7A, New York, New York 10013, New York County.

4. BERNESED DEVAULT Plaintiff is a natural person, and a citizen of the State of California, residing at 154 1/2 North Vecino Drive, Covina, CA 91723, Los Angeles County.

5. BRETT COOPER, Plaintiff is a natural person, and a citizen of Missouri, residing at 149 East Powell Street, 149 East Powell Street, Springfield, MO 65804, Greene County.

6. ALEJANDRO VALLESILLO, Plaintiff is a natural person, and a citizen of the State of Nebraska, residing at 2303 H Street, Omaha, NE 68107, Douglas County.

7. ALGENYS JOSE ACEVEDO, Plaintiff is a natural person and a citizen of the state of Nevada residing at 9276 Valley Ranch Avenue, Las Vegas, Nevada 87178, Clark County.

8. ADRE ADAMS, Plaintiff is a natural person and a citizen of the state. Wisconsin residing at 314 Bonnie Road, Cottage Grove, WI 53527, Dane County.

9. ANTHONY BUFKIN, Plaintiff is a natural person and a citizen of the state. Arizona residing at 2801 North Litchfield, Unit 51, Goodyear, AZ 85395, Maricopa County.

10. BOBBIE JO MASSEY MARTINEZ, Plaintiff is a natural person and a citizen of the state of Arizona residing at 6861 West Highway 90 206, San Antonio, TX 78227, Bexar County.

11. BRANDI P. RICHARDSON, Plaintiff is a natural person and a citizen of the state. Pennsylvania residing at 412 Walnut Street, Pottstown, PA 78227, Montgomery County.

12. BETRAN RENALDO, Plaintiff is a natural person and a citizen of the state. Pennsylvania residing at 4696 Mickey Drive, Memphis, TN 38116, Shelby County.

13. BRIAN EUGENE FRIEND, Plaintiff is a natural person and a citizen of the state. Tennessee residing at 3519 Roma Lane, Apt. 3, Middletown, WI 38116, Dane County.

14. CARROLL TERRELL, Plaintiff is a natural person and a citizen of the state. Illinois residing at 18534 Oak Avenue, Lansing, IL 60438, Cook County.

15. CHARLES LEWIS, Plaintiff is a natural person and a citizen of the state. Arizona residing at 3300 South 8th Avenue, Lot 48, Yuma, AZ 85365, Yuma County.

16. COURTNEY PATRICE LANIUM, Plaintiff is a natural person and a citizen of the state. Georgia, residing at 1810 Thompson Drive, Augusta, GA 30906, Richmond County,

17. DAVID JERMAINE AARON, Plaintiff is a natural person and a citizen of the state. Ohio residing at 1229 Sibley Road, Toledo, OH 43615, Lucas County.

18. DEBORAH PELLETIER, Plaintiff is a natural person and a citizen of the state. Iowa is residing at 3272 White Avenue, Unit B, Hartley, IA 51346, O'Brian County,

19. DENNIS WEHR, Plaintiff is a natural person and a citizen of the state of Illinois. residing at 2600 Oakton Street, Apt. 3E, Park Ridge, IL 60068, Cook County.

20. FARHIYA OSMAN, Plaintiff is a natural person and a citizen of the state. Texas residing at 827 Camino Vaqueno Parkway, Apartment 2108, Manchaca, Texas 78652, Travis County.

21. GABRIEL DINERO, Plaintiff is a natural person and a citizen of the state of Maryland. residing at 205 Lee Street, Apartment 210, Gaithersburg, MD 20877, Montgomery County.

22. JAMES CURRY, JR., Plaintiff is a natural person and a citizen of the state. Mississippi residing at 192 Elliot Avenue, Nettleton, MS 38858, Monroe County.

23. JEREMY DON TUNE, Plaintiff is a natural person and a citizen of the state. Missouri residing at 182 Porter Street, Stotts City, MO 65756, Lawrence County.

24. JEREMY LAMB, Plaintiff is a natural person and a citizen of the state. New Hampshire residing at 116 Whitehouse Road, Rochester, NH 03867, Strafford County.

25. JOSE RIVERA, Plaintiff is a natural person and a citizen of the state. Pennsylvania residing at 109 West Lincoln Avenue, Apartment 15, McDonald, PA 15057, Washington County.

26. LINDA FRANCEIA GOODWIN, Plaintiff is a natural person and a citizen of the State Tennessee residing at 4696 Mickey Drive, Memphis TN 38116, Shelby County.

27. MARY KOWAL, Plaintiff is a natural person and a citizen of the state. North Carolina residing at 7538 NC Highway 700, Ruffin, NC 27326, Rockingham County.

28. NOELLE MARIE MAGNESS, Plaintiff is a natural person and a citizen of the state. Georgia residing at 25 Adair Street, Savannah, Georgia 31404, Chatham County.

29. PHILIP JOSEPH MAZZIO, Plaintiff is a natural person and a citizen of the state. Illinois is residing at 482 Harrison CT, Vernon Hills, IL 60061, Lake County.

30. PIERRE LAZURE DUPREE-CAIN, Plaintiff is a natural person and a citizen of the State Wisconsin residing at 6106 West Port Avenue, Milwaukee, WI 53223, Milwaukee County.

31. QUIANA DANETTE WHITE, Plaintiff is a natural person and a citizen of the state. Pennsylvania residing at 5115 North 11th Street, Philadelphia, PA 19141, Philadelphia County.

32. QUINCY RICHARDON, Plaintiff is a natural person and a citizen of the state. Pennsylvania residing at 5156 Stiles Street, Philadelphia, PA 19131, Philadelphia County.

33. REGINALD CRAIG HOLST, Plaintiff is a natural person and a citizen of the state. Tennessee residing at 2545 Prince Lupert Lane, Apartment 2, Memphis, TN 38128, Shelby County.

34. RENE ISRAEL HERNANDEZ, Plaintiff is a natural person and a citizen of the state of Texas residing at 605 North Dees Street, Fort Stockton, Texas 79735, Pecos County.

35. SHAREKQUA COATES, Plaintiff is a natural person and a citizen. of the state_Pennsylvania residing at 2611 Miburn Street, McKee Sport, PA 15132, Allegheny County.

36. STEVEN DEANTE ADAMS, Plaintiff is a natural person and a citizen of the state. Virginia residing at 1323 Staunton Avenue NW, Roanoke, VA 24017, Roanoke County.

37. TRACY D. RICHARDSON, Plaintiff is a natural person and a citizen of the state. Louisiana residing at 2112 Belle Chasse, Suite 8-216, Gretna, LA 70053, Pittsylvania County.

38. TRACY MANIER, Plaintiff is a natural person and a citizen of the state. Georgia residing at 5100 Waters Avenue, Apartment 1302, Savannah, GA 31404, Chatham County.

39. VIVIAN CHRISTINE MOORE, Plaintiff is a natural person and a citizen of the state. Georgia residing at 5503 Tunbridge Wells Road, Lithonia, GA 30038, Dekalb County.

40. DINA DOUGLAS TAKOURIS, Plaintiff is a natural person and a citizen of the state. California residing at 4212 East Los Angeles Avenue, Apartment 3193, Simi Valley, CA 93063, Ventura County.

41. JONATHAN ADAM KEEL, Plaintiff is a natural person and a citizen of the state. California residing at 1216 Kaweah Street, Hanford, CA 93230, Kings County.

42. MORGAN RALPH FLINT, Plaintiff is a natural person and a citizen of the state.

California residing at 28160 McBean Parkway, Unit 25301, Valencia, CA 91354, Los Angeles County.

43. NICOLA ALICE SCOTT, Plaintiff is a natural person and a citizen of the state. California residing at 2316 West Imperial Highway, Apartment A, Hawthorne, CA 90250, Los Angeles County.

44. WAJIHA HYDER, Plaintiff, is a natural person and a citizen of the state of New York, Residing at 395 Fulton Street, Westbury, NY 11590, Nassau County.

45. TRANS UNION is a Delaware limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

## DEMAND FOR JURY TRIAL

46. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

47. Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

48. Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

49. Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

50. This action is the result of Trans Union's multiple failures to comply with the FCRA, whereby Trans Union [1] failed to conduct reasonable investigation regarding information disputed by Plaintiffs; [2] failed to consider all relevant information submitted by Plaintiffs; [3] failed to delete inaccurate or incomplete information; [4] failed to report information identified by Plaintiffs as disputed; [5] failed establish or follow reasonable procedures to assure maximum

possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiffs; [6] failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes; [7] failed to provide a complete or accurate disclosure of Plaintiff's file; and [8] failed to block information that is the product of identity theft from appearing on Plaintiff's credit report. Plaintiff's credit report contains false, incomplete, and inaccurate information, (collectively, the "Subject Information").

51. The Subject Information is false, inaccurate, and incomplete because, among other things, Plaintiffs are all victims of identity theft. Plaintiffs notified Transunion in writing that the Subject Information was false, inaccurate, and incomplete (the "Dispute").

52. As part of the Dispute, Plaintiffs included a copy of an FTC Identity Theft Report.

53. Though the Dispute, Plaintiffs requested Trans Union to block the Subject Information that was the product of identity theft.

54. As part of the Dispute, Plaintiff requested a copy of Plaintiff's credit report from Trans Union.

55. As part of the Dispute, Plaintiffs included a copy of Plaintiff's driver's license, social security card, and a credit card statement.

56. By and through the Dispute, Plaintiffs provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's credit report.

57. Trans Union received the Disputes and transmitted it to each entity that furnished information disputed by Plaintiffs.

58. Despite receiving the Disputes Trans Union failed to conduct any investigation into the accuracy of Plaintiffs' credit report.

59. Despite receiving the Disputes, Trans Union continued to report incomplete and inaccurate information disputed by Plaintiffs.

60. Despite receiving the Disputes, Trans Union continued to report the Subject Information inaccurately.

61. Despite receiving the Disputes, Trans Union failed to timely block the information identified as being related to identity theft.

62. Despite receiving the Disputes, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

63. Despite receiving the Disputes, Trans Union failed to notify Plaintiff that it deemed the Dispute irrelevant and/or frivolous.

64. As a result of Trans Union's failure to take appropriate action in response to the Disputes, Plaintiffs were required to expend additional time preparing and sending additional written disputes to Trans Union.

65. Plaintiffs continued to notify Trans Union in writing that false, inaccurate, and incomplete information remained on Plaintiff's credit report.

66. Plaintiffs notified Trans Union in writing that the Subject Information was false, inaccurate, and incomplete.

67. The written correspondence Plaintiffs sent to Trans Union contained a brief statement setting forth the nature of the dispute.

68. As part of the written dispute Plaintiffs sent to Trans Union, Plaintiff included a copy of an FTC Identity Theft Report.

69. As part of the written dispute Plaintiffs sent to Trans Union, Plaintiffs requested Trans Union to block the Subject Information that was the product of identity theft.

70. As part of the written dispute Plaintiffs sent to Trans Union, Plaintiffs requested a copy of Plaintiff's credit report from Trans Union.

71. Plaintiffs required a full and complete copy of Plaintiff's credit report from Trans Union so to ensure, among other things, the information about Plaintiff, as maintained by Trans Union, was appropriately accurate and complete.

72. Plaintiffs requested a copy of Plaintiff's credit report directly from Trans Union in writing because obtaining a copy directly from Trans Union online required Plaintiff to create an account and agree to undesignable terms and conditions, and requesting a copy from Trans Union over the phone lacked desired privacy.

73. As part of the written dispute Plaintiffs sent to Trans Union, Plaintiffs included a copy of Plaintiff's driver's license, social security card, and a credit card statement.

74. By and through the written disputes Plaintiff sent to Trans Union, Plaintiffs provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's credit report.

75. Trans Union received the disputes sent by Plaintiffs and transmitted such to each entity that furnished information disputed by Plaintiff.

76. Despite receiving the dispute sent by Plaintiffs, Trans Union failed to include of statement of dispute in Plaintiff's credit file.

77. Despite receiving the dispute sent by Plaintiffs Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

78. Despite receiving the dispute sent by Plaintiffs Trans Union continued to report incomplete and inaccurate information disputed by Plaintiffs.

79. Despite receiving the dispute sent by Plaintiffs, Trans Union continued to report the Subject Information inaccurately.

80. Despite receiving the dispute sent by Plaintiffs, Trans Union failed to timely block the information identified by Plaintiff as being related to identity theft.

81. Despite receiving the dispute sent by Plaintiffs, Trans Union failed to provide Plaintiffs with a copy of Plaintiff's credit report.

82. Despite receiving the dispute sent by Plaintiffs, Trans Union failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

83. Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiffs have had a recent, major delinquency, which negatively reflects on a consumer's credit worthiness by impacting their credit score negatively.

84. Credit scoring algorithms take Plaintiffs account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

85. Trans Union failed to conduct a reasonable investigation into Plaintiffs disputes.

86. Trans Union failed to review and consider all relevant information submitted by Plaintiffs.

87. Trans Union failed to conduct an independent investigation and, instead, deferred to underlying furnishers of the Subject Information despite the information Plaintiffs provided to it (Trans Union).

88. Trans Union did not conduct any independent investigation after it (Trans Union) received Plaintiffs disputes and, instead, chose to parrot the information it (Trans Union) received