from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

89. Trans Union possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiffs; however, Trans Union failed to correct the information.

90. Trans Union's reporting of inaccurate information, despite evidence that said information is inaccurate, evidence Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs credit reports and file.

91. Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information about Plaintiffs.

92. Plaintiffs have suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

## FCRA IDENTITY THEFT ANALYSIS AND APPLICABLE LAW

Under the Fair Credit Reporting Act (FCRA), identity theft victims are entitled to specific. protections designed to prevent the continued reporting of fraudulent information. The following provisions apply to the Plaintiffs:

1. 15 U.S.C. § 1681c-2(a) – Blocking of Information Resulting From Identity Theft

• Consumer reporting agencies (CRAs), including Trans Union, must block identity-theft-related information within 4 business days of receiving: (a) an identity theft report, (b) proof of identity, and (c) a request to block.

• Failure to block such information constitutes a violation of federal law.

2. 15 U.S.C. § 1681i – Reinvestigation Duties

• CRAs must conduct a reasonable reinvestigation when a consumer disputes inaccurate or fraudulent information.

• CRAs must review all information submitted by the consumer, including police reports, FTC Identity Theft Reports and supporting documentation.

Failure to reinvestigate or to delete unverifiable information violates § 1681i.

3. 15 U.S.C. § 1681e(b) – Reasonable Procedures to Assure Maximum Possible Accuracy

• CRAs must maintain and follow reasonable procedures to ensure the accuracy of consumer reports.

• Reporting known fraudulent or disputed information constitutes a failure to maintain such procedures.

4. 15 U.S.C. § 1681g – Disclosure Requirements

• CRAs must provide consumers with their complete credit files upon written request.

• Refusal to provide a full, updated credit file violates § 1681g.

In this case, Plaintiffs submitted identity theft reports, proof of identity, and written disputes. Trans Union failed to block fraudulent information, failed to investigate disputes, continued publishing inaccurate data and failed to provide complete disclosures. These failures constitute. multiple willful and negligent violations of the FCRA.

## DETAILED FCRA IDENTITY THEFT ANALYSIS WITH CASE LAW

Identity theft cases under the Fair Credit Reporting Act ("FCRA") follow strict statutory. obligations. Courts consistently hold that consumer reporting agencies (CRAs') are liable when. they fail to block, reinvestigate, or correct identity theft data. Key legal principles include:

1. FAILURE TO BLOCK IDENTITY-THEFT INFORMATION — 15 U.S.C. § 1681c-2(a)

Courts hold CRAs strictly liable when they fail to block fraudulent accounts.

• *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495 (4th Cir. 2007) CRA liable where its f

failed to suppress identity-theft accounts despite multiple disputes.

• *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009) CRAs must prevent the reporting of information they know is inaccurate.

2. FAILURE TO CONDUCT A REASONABLE REINVESTIGATION — 15 U.S.C. § 1681i(a)

• *Dennis v. BEH-1, LLC*, 520 F.3d 1066 (9th Cir. 2008) — FCRA requires a "reasonable" reinvestigation; failure to review consumer documentation violates §1681i.

• *Cushman v. Trans Union Corp.*, 115 F.3d 220 (3d Cir. 1997) -— CRAs cannot merely parrot i information from furnishers; they must conduct an independent investigation.

3. FAILURE TO ASSURE MAXiMUM POSSIBLE ACCURACY — 15 U.S.C. § 1681e(b)

• *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) Any inaccuracy triggers liability if reasonable procedures were lacking.

• *Philbin v. Trans Union Corp.*, 101 F.3d 957 (3d Cir. 1996) — CRA liable for failing to maintain procedures preventing false identity-theft data.

4. FAILURE TO DISCLOSE FILE INFORMATION — 15 U.S.C. § 1681g

• *Gillespie v. Trans Union Corp.*, 482 F.3d 907 (7th Cir. 2007) — CRAs must provide full file disclosure so consumers can determine accuracy.

Here, Plaintiffs submitted identity-theft reports, proof of identity, and multiple disputes. Trans Union failed to block fraudulent information, failed to reinvestigate, and continued to publish. false data — violations repeatedly condemned by federal courts,

**COUNT 1**

**WILFUL AND, IN THE ALTNERAITVE, NEGLIGENT**

**<u>VIOLATION OF 15 U.S.C. § 1681e(b)</u>**

93. Plaintiff incorporates by reference ¶¶ 6-53 of this Complaint.

94. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

95. Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

96. Trans Union further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiffs, including the Subject Information, despite possessing evidence that such information was inaccurate.

97. Trans Union further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

98. Trans Union's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

99. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiffs; [d] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiffs after being advised by Plaintiffs that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information

Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

100. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiffs disputes.

101. The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiffs in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

102. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

103. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

104. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

105. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

106. WHEREFORE, Plaintiffs respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## WILFUL AND, IN THE ALTNERAITVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681i

107. Plaintiff incorporates by reference ¶¶ 6-53 of this Complaint.

108. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

109. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiffs with respect to the disputed information.

110. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

111. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiffs credit file the dispute statement contained in the correspondence sent to Trans Union on or about July-2025.

112. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiffs as "disputed."

113. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to include Plaintiffs dispute statement with, or otherwise alongside, the information disputed by Plaintiff about July-2025.

114. Trans Union further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

115. Trans Union further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in Plaintiffs credit report.

116. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiffs; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiffs disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiffs after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate; [i] failing to record Plaintiffs dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

117. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiffs as disputed, failing to properly include Plaintiffs dispute statement in Plaintiffs credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

118. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

119. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

120. Plaintiffs are entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

121. As a result of the conduct, action, and inaction of Trans Union, Plaintiffs suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

122. WHEREFORE, Plaintiffs respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiffs the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiffs which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §

1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILFUL AND, IN THE ALTNERAITVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)

123. Plaintiff incorporates by reference ¶¶ 6-53 of this Complaint.

124. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiffs with a copy of Plaintiff's credit report, despite Plaintiff's multiple requests accompanied by proper identification, of which included a copy of Plaintiff's driver's license, social security card, and a credit card statement.

125. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiffs credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

126. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

127. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

128. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

129. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

130. As a result of the conduct, action, and inaction of Trans Union, Plaintiffs suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

131. WHEREFORE, Plaintiffs respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4

## VIOLATION OF FCRA – IDENTITY THEFT (15 U.S.C. § 1681c-2(a))

Plaintiffs incorporate all preceding paragraphs.

Under §1681c-2(a), CRAs must block identity-theft-related information within four business. days after receiving: (1) an identity theft report, (2) proof of identity, and (3) a written request to block.

Case law confirms this duty:

• *Hansen v. Morgan*, 582 F.2d 1214 (9th Cir. 1978) strict liability applies when a CRA fails

to suppress fraudulent information.

• *Sloane v. Equifax*, 510 F.3d 495 (4th Cir. 2007) — CRA liable for continuing to report identity-theft accounts.

Trans Union received police reports, FTC Identity Theft Reports, and written disputes but failed. to block fraudulent accounts. This constitutes a willful and/or negligent violation of §1681c-2(a). WHEREFORE, Plaintiffs request statutory damages, punitive damages, attorney's fees, and all. relief allowed under 15 U.S.C. §§1681n–1681o.

## Count 5

### WILFUL AND, IN THE ALTNERAITVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681c-2(a)

132. Plaintiffs incorporate by reference ¶¶ 6-53 of this Complaint.

133. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the Subject Information identified by Plaintiffs as resulting from identity theft, despite receiving a police report and FTC Identity Theft Report.

134. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the Subject Information related to identity theft within four business days of receiving Plaintiffs requests and supporting documentation, despite clear evidence that the information resulted from identity theft.

135. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiffs requests to block identity theft-related information and failing to block such information as required.

136. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

137. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

138. Plaintiffs are entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

139. As a result of the conduct, action, and inaction of Trans Union, Plaintiffs suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

140. WHEREFORE, Plaintiffs respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiffs which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**CONCLUSION**

Plaintiffs have demonstrated that Trans Union violated its clear statutory duties under the FCRA. Plaintiffs submitted identity-theft documentation, yet Trans Union failed to block fraudulent information, failed to reinvestigate, and continued to publish inaccurate data.

**LEGAL STANDARD**

Summary judgment is inappropriate where evidence shows genuine issues of fact concerning the accuracy of reporting or the reasonableness of CRA procedures. See *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986).

**ARGUEMENT**

1. Trans Union violated §1681c-2(a) by failing to block identity-theft data.

2. Trans Union violated §1681i by failing to reinvestigate disputes.

3. Trans Union violated §1681e(b) by failing to maintain reasonable accuracy procedures.

4. Trans Union violated §1681g by withholding complete disclosures.

These violations mirror the misconduct condemned in *Cushman*, *Sloane*, *Guimond*, and *Gillespie*.

**REQUEST FOR RELIEF**

Plaintiffs request judgment in their favor and all statutory, punitive, and equitable relief.

THE LAW OFFICE OF
STEPHANIE EMANUEL

Stephanie E. Emanuel, Esq.
427 Senator Street, # 3
Brooklyn, New York 11220
T: (732) 804-9948
F: (347) 497-5922