# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Case No. 1:26-cv-03896-JAV-GWG**

**WAJIHA HYDER,**

*individually and on behalf of all those similarly situated,*

Plaintiff,

**JURY TRIAL DEMANDED**

v.

**TRANSUNION, LLC,**

Defendant.
_______________________________________________/

**AMENDED COMPLAINT**

Plaintiff Wajiha Hyder ("Plaintiff"), individually and on behalf of all others similarly situated, sues Trans Union LLC ("Trans Union") the "Defendant") for violations of the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained-of conduct of Defendant occurred here.

**PARTIES**

3. Plaintiff is a natural person, and a citizen of the State of New York, residing in Nassau County, New York.

4. Trans Union is a Delaware limited liability company, with its principal place of business located in Chicago, Illinois.

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

6. On or about October-2025, Plaintiff requested a full disclosure of Plaintiff's file from Trans Union.

7. Plaintiff sought copies of Plaintiff's complete file from Trans Union because [1] Plaintiff's personal identifying information was compromised in a data breach and, as a result, Plaintiff believed Plaintiff was the victim of identity theft; and [2] Plaintiff was preparing to seek lines of credit, explore employment opportunities, and shop for insurance.

8. Upon obtaining disclosures from Trans Union, or more accurately, what was represented as a complete disclosure of Plaintiff's file from Trans Union, respectively, Plaintiff observed unrecognized information, accounts, and inquiries, as well as observed information that was false, misleading, incomplete, and otherwise inaccurate.

9. Distressed and concerned by the implications of false, inaccurate and/or incomplete information being reported, Plaintiff prepared a written dispute to Trans Union.

10. Plaintiff's written dispute to Trans Union took explicit issue with information associated with an Achieve personal loans account and two Citicard CBNA accounts (the "Subject Accounts").

11. As detailed in Plaintiff's written disputes to Trans Union, the Subject Accounts are inaccurate and incomplete because Plaintiff is the victim of identity theft, the accounts are not hers, and she did not consent for anyone to open the accounts.

12. On or about July-2025, Plaintiff notified Trans Union in writing that the Subject Accounts were false, incomplete, and inaccurate (the "Dispute").

13. In addition to detailing the nature of Plaintiff's disputes regarding the Subject Accounts, Plaintiff's written disputes to Trans Union, again, requested the complete contents of Plaintiff's file maintained by each of Trans Union. Plaintiff requested said full disclosures because, among other reasons, the information provided to Plaintiff by Trans Union in response to reports requested on October-2025, was incomplete and otherwise did not reflect all the information maintained by Trans Union about Plaintiff. Moreover, Plaintiff believed additional accounts and/or information associated with identity theft was wrongfully being withheld.

14. The inaccurate and/or incomplete reporting of the Subject Accounts materially hindered Plaintiff's ability to determine whether associated debts were valid, collectible, time-barred, or otherwise enforceable.

15. The inaccurate and/or incomplete reporting of the Subject Accounts prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that would have improved Plaintiff's creditworthiness if reported.

16. The inaccurate and/or incomplete reporting of the Subject Accounts had caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished Plaintiff's creditworthiness.

17. Credit scoring algorithms take into consideration the information disputed by Plaintiff, as well as associated omitted information, when generating a credit score, whereby incomplete and inaccurate information, including account statuses, causes a lower credit score to be generated.

18. Trans Union received Plaintiff's Dispute.

19. Despite receiving the Dispute, Defendant failed to timely provide any feedback to Plaintiff regarding the Dispute, including failing to provide Plaintiff with the requested complete disclosure of Plaintiff's file.

20. Following the lack of timely feedback regarding the Disputes from the Defendant, Plaintiff became more distressed and anxious, as Plaintiff was without feedback as to whether the disputed false, inaccurate, and/or incomplete information would be investigated and removed, or if Plaintiff would be forced to wrongfully endure the negative consequences thereof.

21. Plaintiff has suffered damages as a result of the incorrect reporting and Defendant's failures to correct the credit report pertaining to Plaintiff.

***ALLEGATIONS AS TO TRANS UNION***

22. Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

23. Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

24. Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports" which it provides to third parties.

25. On or about October-2025, Plaintiff requested a complete disclosure of Plaintiff's file from Trans Union.

26. On or about October-2025, Trans Union provided an incomplete disclosure to Plaintiff. Trans Union failed to provide information it was obligated to disclose to Plaintiff, of which includes, but is not limited to, information collected about Plaintiff through independent means, information disclosed to it by the furnishers of the Subject Accounts, and information communicated to it by another, including Plaintiff or the other credit reporting agencies, about

Plaintiff. The information omitted by Trans Union includes, but is not limited to, complete account numbers, payments, amounts, original or prior creditors, remarks, statements and historic account information.

27. The disclosure provided by Trans Union on or about October-2025 contains false, incomplete, and inaccurate information, of which includes, but is not limited to, the information reported about the Subject Accounts.

28. The Subject Accounts are false, inaccurate, and incomplete.

29. On or about July-2025, Plaintiff notified Trans Union in writing that the Subject Accounts were false, inaccurate, and/or incomplete by and through the Dispute.

30. The Dispute took explicit issue with, among other things, the Subject Accounts and information reported therewith.

31. As part of the Dispute, Plaintiff included a copy of Plaintiff's Federal Trade Commission Identity Theft Report. Plaintiff also provided a copy of her social security, driver's license, and a piece of mail.

32. By and through the Dispute, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's complete file.

33. Plaintiff incurred more than $10.00 in out-of-pocket expenses mailing the Dispute to Trans Union.

34. On or about July-2025, Trans Union received the Dispute.

35. In lieu of opening and considering the contents of the envelope containing Dispute, Trans Union's investigation began and ended with the envelope containing the Dispute, in that, Trans Union's response to the Dispute was based on the envelope containing the Dispute, rather than envelope's contents, *i.e.*, the Dispute itself. After choosing to conclude its investigation into

the Dispute based on the envelope containing the Dispute, without considering said envelope's contents, Trans Union ended its investigation in connection with the Dispute.

36. Trans Union failed to timely provide Plaintiff with a complete copy of Plaintiff's file despite the explicit request for such in the Dispute.

37. Trans Union's failure to timely provide Plaintiff with a complete copy of Plaintiff's file prevented Plaintiff from taking further action with respect to suspected identity theft endured by Plaintiff.

38. Trans Union transmitted the Dispute to each entity that furnished information disputed by Plaintiff, including the furnisher of the Subject Accounts.

39. Despite receiving the Dispute, Trans Union failed to conduct a reasonable investigation into the accuracy of Plaintiff's credit report, including the Subject Accounts.

40. Despite receiving the Dispute, Trans Union continued to report false, inaccurate and incomplete information disputed by Plaintiff.

41. Despite receiving the Dispute, Trans Union continued to report the Subject Accounts inaccurately.

42. Despite receiving the Dispute, Trans Union failed to notify Plaintiff that it deemed the Dispute irrelevant and/or frivolous.

43. Despite receiving the Dispute, Trans Union failed to record in Plaintiff's file that the Subject Accounts were disputed by Plaintiff.

44. Trans Union disclosed the contents of Plaintiff's file to third-parties without indicating that the Subject Accounts were disputed by Plaintiff.

45. Following the Dispute, Trans Union disclosed inaccurate and incomplete information about Plaintiff to third parties seeking information about or regarding Plaintiff's

creditworthiness. The information disclosed by Trans Union was inaccurate because (1) Trans Union omitted information provided by the furnishers of the Subject Accounts which, if disclosed, would have weighed in favor of Plaintiff's creditworthiness; and (2) Trans Union provided information that was objectively wrong or false which, as disclosed, incorrectly weighed against Plaintiff's creditworthiness. Simply put, the inaccurate and incomplete information Trans Union disclosed to third parties about Plaintiff impacted the decision making of said third parties to the detriment of Plaintiff.

46. As a result of Trans Union's failure to take appropriate action in response to the Dispute, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining certain insurance quotes or applying for certain lines of credit, because Trans Union continued to report the Subject Accounts in an incomplete and inaccurate fashion.

47. As a result of the persistence of false, misleading, incomplete, and otherwise inaccurate information on Plaintiff's credit reports following the Dispute, Plaintiff became further upset and distressed, and on two (2) or more occasions lost more than two (2) hours of sleep.

48. Trans Union failed to conduct a reasonable investigation into Plaintiff's disputes.

49. Trans Union failed to review and consider all relevant information submitted by Plaintiff.

50. Trans Union did not conduct any independent investigation after it (Trans Union) received Plaintiff's disputes and, instead, chose to parrot the information it (Trans Union) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

51. Trans Union possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Trans Union failed to correct the information.

52. Trans Union's reporting of inaccurate information, despite evidence that said information is inaccurate evidences Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

53. Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

54. Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

55. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons. Plaintiff seeks to represent the below defined "FCRA Class" (hereinafter, the "Class").

**PROPOSED CLASS**

56. The "FCRA Class" consists of: all consumers of identity theft to whom Defendant provided an incomplete disclosure of their credit file which revealed inaccurate and incomplete accounts that were the result of the identity theft, which were subsequently disputed and which Defendant failed to correct following the disputes.

57. Defendant and its officers, directors, employees, and agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the members to be in the several thousands, if not more.

**NUMEROSITY**

58. The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, without proper screening of debts, Defendant has continued reporting accounts the result of identity theft for thousands of consumers.

59. The exact number and identities of members of the Class are unknown at this time and can be ascertained only through discovery.

60. Identification of each member of the Class is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

61. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether Defendant provided incomplete credit file disclosures to Plaintiff and members of the Class;

(b) whether Defendant's incomplete credit file disclosures revealed accounts that were the result of identity theft of Plaintiff and members of the Class;

(c) whether Defendant failed to correct the credit reporting that was the result of identity theft of Plaintiff and members of the Class;

(d) whether Defendant failed to conduct a reasonable reinvestigation of the disputes submitted by Plaintiff and members of the Class regarding the identity theft;

(e) whether Defendant failed to provide Plaintiff and members of the Class copies of their full credit file, despite their requests;

(f) whether Defendant failed to block the reporting of the information disputed by Plaintiff and members of the Class as resulting from identity theft.

62. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant has failed to establish or follow reasonable procedures to assure the maximum possibly accuracy of Plaintiff's credit reports and file including the disputed

information that resulted from identity theft, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

63. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories. Plaintiff and all Class members were the victim of identity theft and identified accounts on their credit files that were the result of identity theft, which were subsequently disputed and continued to be reported by Defendant.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

64. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

65. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable.

66. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits.

67. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation.

68. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For

example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1681e(b)**

69. Plaintiff, individually and on behalf of the FCRA Class, incorporates by reference ¶¶ 6-68 of this Complaint.

70. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

71. Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

72. Trans Union further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Accounts, despite possessing evidence that such information was inaccurate.

73. Trans Union further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Accounts.

74. Trans Union's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

75. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after

a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

76. Additionally, or in the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

77. The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

78. Defendant similarly violated 15 U.S.C. § 1681e(b) in its preparation of credit reports and reinvestigation of disputes of the FCRA class who were also the victim of identity theft.

79. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

80. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

81. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

82. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

83. WHEREFORE, Plaintiff, individually and on behalf of the FCRA Class, respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff, individually and on behalf of the FCRA Class, the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF 15 U.S.C. § 1681i**
*(against Trans Union)*

84. Plaintiff, individually and on behalf of the FCRA Class, incorporates by reference ¶¶ 6-68 of this Complaint.

85. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

86. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

87. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

88. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

89. Trans Union further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

90. Trans Union further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in Plaintiff's credit report.

91. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [f] continually placing inaccurate information into the credit

report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

92. Additionally or in the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

93. Defendant similarly violated 15 U.S.C. § 1681i in its preparation of credit reports and reinvestigation of disputes of the FCRA class who were also the victim of identity theft.

94. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

95. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

96. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

97. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

98. WHEREFORE, Plaintiff, individually and on behalf of the FCRA Class, respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff, individually and on behalf of the FCRA Class, the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## VIOLATION OF 15 U.S.C. § 1681g(a)
*(against Trans Union)*

99. Plaintiff, individually and on behalf of the FCRA Class, incorporates by reference ¶¶ 6-68 of this Complaint.

100. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's full credit file, despite Plaintiff's request accompanied by proper identification, of which included a copy of Plaintiff's social security and driver's license.

101. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's full file, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

102. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's request for a full disclosure and failing to provide the information as required.

103. Defendant similarly violated 15 U.S.C. § 1681g(a) by failing to provide copies of full credit files for the FCRA class who were also the victim of identity theft.

104. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

105. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

106. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

107. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

108. WHEREFORE, Plaintiff, individually and on behalf of the FCRA Class, respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff, individually and on behalf of the FCRA Class, the following relief: **[1]** Actual damages pursuant to 15 U.S.C. §§ 1681o(a)(1) or 1681n(a)(1)(A); **[2]** Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); **[3]** Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); **[4]** Attorney's fees and

costs pursuant to either 15 U.S.C. §§ 1681o(a)(2) or 1681n(a)(3); and **[5]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**VIOLATION OF 15 U.S.C. § 1681c-2(a)**
(against Trans Union)

109. Plaintiff, individually and on behalf of the FCRA Class, incorporates by reference ¶ 6-68 of this Complaint.

110. On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681c-2(a) by failing to block the reporting of the disputed information identified by Plaintiff as resulting from identity theft, despite receiving a copy of a Federal Trade Commission Identity Theft Report.

111. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681c-2(a) by refusing to block the disputed information related to identity theft within four business days of receiving Plaintiff's requests and supporting documentation, despite clear evidence that the information resulted from identity theft.

112. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681c-2(a) by failing to exercise reasonable care in processing Plaintiff's requests to block identity theft-related information and failing to block such information as required.

113. Defendant similarly violated 15 U.S.C. § 1681c-2(a) by failing to block the disputed information for the FCRA class resulting from identity theft.

114. The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

115. In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

116. Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

117. As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and resources in addressing the continued reporting of identity theft-related information.

118. WHEREFORE, Plaintiff, individually and on behalf of the FCRA Class, respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff, individually and on behalf of the FCRA Class, the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

DATED: September 11, 2026

Respectfully Submitted,

/s/ Stephanie E. Emanuel .
**STEPHANIE E. EMANUEL, ESQ.**
THE LAW OFFICE OF STEPHANIE EMANUEL
427 Senator Street, # 3
Brooklyn, New York 11220
T: (732) 804-9948
F: (347) 497-5922

/s/ Talal Rashid .
**TALAL RASHID, ESQ.**
Florida Bar No. 1010307
E-mail: Talal@pzlg.legal
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail: Tom@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone: 305-332-6201
*(pending admission pro hac vice)*

*COUNSEL FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 11, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Stephanie E. Emanuel .
**STEPHANIE E. EMANUEL, ESQ.**