UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

GEORGE BABUADZE et al.,

Plaintiffs,

-v.-

TRANSUNION, LLC

Defendant.

---------------------------------------------------------------X

ORDER

26 Civ. 3896 (JAV) (GWG)

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiffs have requested an extension to file their opposition to the pending motion to dismiss, which defendant has opposed. (Docket # 20, 21, 25). Plaintiffs' request for an extension also requests "additional time to amend the Complaint was [sic] it may be necessary to amend a new class representative [sic]." (Docket # 20). The deadline sought to be extended presumably refers to the fact that Judge Vargas previously granted plaintiffs leave to file an amended complaint (in lieu of responding to the motion to dismiss) provided they notified the Court by August 6, 2026, of such, and filed the complaint by August 17, 2026. (Docket # 15) That Order also required plaintiff to file a redline version of the amended complaint. (Id.)

Without waiting for a Court ruling on the request for an extension, and more than a week after it made the request, plaintiff filed a document entitled "Notice of Filing Proposed Amended Complaint." (Docket # 24). That document asserts that the proposed amended complaint is being filed pursuant to "Defendant's request" – not plaintiffs' --- and pursuant to defendant's request for "alternative relief." The filing fails to include the redline version required by Judge Vargas's Order. Defendant opposes the filing on timeliness grounds (Docket # 26).

In light of counsel's explanation for their delay and the Second Circuit's preference for deciding cases on the merits, the Court is prepared to grant both requests for extensions. Nonetheless, the Court is confused about whether plaintiffs seek to file an amended complaint outright or are only doing as an "alternative" to responding to the motion to dismiss.

To clear up the confusion, the Cout rules as follows:

If plaintiffs wish to file an amended complaint, they shall file the amended complaint (not a "notice") on or before September 21, 2026. On the same date, plaintiffs shall file a letter to

the Court that attaches a redline version of the amended complaint. As stated in Judge Vargas's previous Order (Docket # 15):

> If Plaintiffs do amend, by three (3) weeks after the amended complaint is filed, Defendant shall: (1) file an answer; (2) file a new motion to dismiss; or (3) file a letter on ECF stating that it relies on the previously filed motion to dismiss. If Defendant files an answer or a new motion to dismiss, the Court will deny the previously filed motion to dismiss as moot. If Defendant files a new motion to dismiss or indicates that it relies on its previously filed motion to dismiss, any opposition shall be filed within fourteen days, and any reply shall be filed within seven days of any opposition.

If plaintiffs do not file an amended complaint, they shall file their opposition to the motion to dismiss on or before September 21, 2026. Any reply shall be filed by October 12, 2026. This motion remains returnable before Judge Vargas.

SO ORDERED.

Dated: September 14, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge